UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN RUCKER and NELLIMAE RUCKER,

    Plaintiffs,

vs.

TAUBRA CORP., AN OHIO CORPORATION, D/B/A MERCURY SERVICE, AND JUDITH BOWERS FRANCIS, INDIVIDUALLY,

    Defendants.
_____/

CASE NO.:

Jury Demand Endorsed Hereon

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JOHN RUCKER and NELLIMAE RUCKER, by and through the undersigned attorneys, sue the Defendants, TAUBRA CORP., d/b/a MERCURY SERVICE, and JUDITH BOWERS FRANCIS, and allege:

1. Plaintiffs have been retaliated against in response to Plaintiff John Rucker joining a Fair Labor Standards Act collective action in this district titled *James Burcham and Grady Hill v. Taubra Corp., and Judith Bowers*, Case No. 3:17-cv-168-TMR-MJN (S.D. Ohio). Plaintiffs were long-standing workers of Defendants who were unceremoniously terminated from their positions in mid-January 2018 after Mr. Rucker joined the *Burcham* suit on December 28, 2017. As a result of these actions, Defendants have unlawfully retaliated against Plaintiffs in violation of the FLSA and Ohio law.

1

2. Plaintiffs bring this action under the Fair Labor Standards Act, as amended, 29 U.S.C. § 215(a)(3) ("FLSA") and the Ohio Constitution, Article II, § 34a. This action seeks appropriate monetary and equitable relief for unlawful retaliation, liquidated damages, and other relief under the FLSA and Ohio law.

## General Allegations

3. Plaintiffs worked for Defendants as drivers and in other positions for Defendants for several years in the Midwest area.

4. Plaintiff John Rucker began working for Defendants in January 2012 as a driver classified as an independent contractor.

5. Plaintiff John Rucker continued with these duties over several years and Defendants even added duties to his job wherein Mr. Rucker was also paid an hourly rate in addition to his driver pay.

6. Plaintiff Nellimae Rucker is married to Plaintiff John Rucker and they have been married since 1989.

7. Plaintiff Nellimae Rucker also worked for Defendants as a driver starting in 2012 as a backup driver and then a full-time driver in April 2016.

8. Defendant, TAUBRA CORPORATION, d/b/a MERCURY SERVICE, is an Ohio Corporation that operates and conducts business in, among other locations, Dayton, Ohio and is therefore within the jurisdiction of this Court.

9. At all times relevant to this action, Defendant, JUDITH BOWERS FRANCIS, was an individual resident of the State of Ohio, who owned and operated TAUBRA CORPORATION, and who regularly exercised the authority to: (a) hire and

fire employees and drivers; (b) determine the pay for the employees and drivers; and (c) control the finances and operations of TAUBRA CORPORATION. By virtue of having regularly exercised that authority on behalf of TAUBRA CORPORATION, Defendant, JUDITH BOWERS FRANCIS is an employer as defined by 29 U.S.C. § 201, et seq.

10. Defendants operate a delivery/courier service which delivers items within Ohio, and even to Kentucky, Indiana, West Virginia and Pennsylvania. *See* www.mercuryservice.com.

11. This action is brought under the FLSA and Ohio law to recover all available damages from Defendants for their illegal retaliation against Plaintiffs.

12. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

13. This Court has supplemental jurisdiction over Plaintiffs' Ohio law claims pursuant to 28 U.S.C. §1367.

14. At all material times relevant to this action, Defendant, TAUBRA CORPORATION, earned more than $500,000.00 per year in gross sales.

15. Within the last three years, Defendant, TAUBRA CORPORATION, also each employed at least two employees engaged in interstate commerce or who handled goods, materials or supplies which had travelled in interstate commerce.

16. Such goods, materials and supplies include vehicles, telephones, computers, office equipment and furniture, and other items which originated from

outside the state of Ohio.

17. Therefore, Defendant, TAUBRA CORPORATION, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### Allegations Regarding Defendants' Illegal Retaliation

18. As drivers for Defendants, both Plaintiffs were classified as independent contractors.

19. The propriety of Defendants' classification of drivers as employees or independent contractors under the FLSA and Ohio law is currently being litigated in this same Court. *See James Burcham and Grady Hill v. Taubra Corp., and Judith Bowers*, Case No. 3:17-cv-168-TMR-MJN (S.D. Ohio, D.E. 12, Amended Complaint).

20. Plaintiff John Rucker exercised his rights under the FLSA by joining the *Burcham* lawsuit on December 28, 2017. *Id.* at D.E. 37.

21. Subsequently, Defendants conjured false disputes and other issues between themselves and Plaintiff John Rucker which led to several meetings which turned argumentative and harassing.

22. During this time period, Defendants went so far as to post Plaintiff Nellimae Rucker's driving route as available on Indeed.com for other individuals to apply for on January 5, 2018, only <u>one week</u> after Mr. Rucker joined the lawsuit. *See* Indeed.com posting attached as Exhibit A.[1]

---

[1] The Indeed.com posting was printed on January 23, 2018 (top left corner) and indicates in the body of the posting (middle left) that it was posted 18 days ago, which would have been January 5, 2018.

4

23. On or about January 20, 2018, Defendants terminated both Plaintiffs allegedly for failing to follow company policies and/or job abandonment.

24. Plaintiffs, who were long-tenured workers of Defendants with excellent records, were retaliated against and fired within a few weeks of Mr. Rucker joining the *Burcham* suit.

25. Defendants' actions to terminate Plaintiffs were done in violation of the anti-retaliation provisions of the FLSA and Ohio law.

## COUNT I - RETALIATION (FLSA)

26. All preceding paragraphs are fully re-alleged and incorporated herein.

27. As described above, Plaintiff John Rucker exercised his rights under the FLSA and joined the *Burcham* lawsuit on December 28, 2017.

28. Subsequently, approximately three weeks later, even though Plaintiffs were long-tenured workers for Defendants, Defendants terminated both Plaintiffs.

29. Defendants terminated Plaintiffs, who are husband and wife, in response to Plaintiff John Rucker joining the *Burcham* action.

30. Defendants' termination of Plaintiffs is retaliation against Plaintiffs in violation of 29 U.S.C. § 215(a)(3).

31. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have been damaged.

32. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JOHN RUCKER and NELLIMAE RUCKER, demand judgment against Defendants, including, but not limited to, reimbursement of

back wages in an amount equal to the loss of wages and other benefits suffered by reason of Defendants' unlawful termination, front pay, liquidated damages, compensatory and emotional distress damages, attorney's fees and costs, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

### COUNT II – RETALIATION (Ohio Constitution, Article II, § 34(A))

33. All preceding paragraphs are fully re-alleged and incorporated herein.

34. Article II, Section 34a of the Ohio Constitution prohibits employers from discharging or retaliating against an employee for exercising their rights in complaint or protest of failing to receive minimum wage for hours worked.

35. As described above, Plaintiff John Rucker exercised his rights and joined the *Burcham* lawsuit on December 28, 2017.

36. The *Burcham* lawsuit includes claims by drivers under Article II, Section 34a of the Ohio Constitution.

37. Subsequently, approximately three weeks later, even though Plaintiffs were long-tenured workers for Defendants, Defendants terminated both Plaintiffs.

38. Defendants terminated Plaintiffs, who are husband and wife, in response to Plaintiff John Rucker joining the *Burcham* action and exercising rights under the Ohio Constitution.

39. Defendants' termination of Plaintiffs is retaliation against Plaintiffs in violation of Ohio law.

40. As a direct and proximate result of Defendants' unlawful conduct,

Plaintiffs have been damaged.

41. Because of Defendants' retaliatory actions in violation of this section, Plaintiffs are entitled to back wages, damages provided under this section including at least $150 per day for each day that the retaliation continues, costs and reasonable attorney's fees.

WHEREFORE, Plaintiffs, JOHN RUCKER and NELLIMAE RUCKER, demand judgment against Defendants, including, but not limited to, reimbursement of back wages in an amount equal to the loss of wages and other benefits suffered by reason of Defendants' unlawful termination, penalties, attorney's fees and costs, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

Dated this 19th day of March, 2018.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
(*Pro Hac Vice forthcoming*)
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com
Attorneys for Plaintiffs

-and-

/s/ ANDREW KIMBLE
Andrew Biller, Esq.

        OBN 0081452
        Markovits, Stock & DeMarco LLC
        Easton Town Center
        4200 Regent Street, Suite 200
        Columbus, OH 43219
        Telephone:  (614) 604-8759
        Facsimile:  (614) 583-8107
        Email:  abiller@msdlegal.com

        Andrew Kimble, Esq.
        OBN 0093172
        Markovits, Stock & DeMarco, LLC
        3825 Edwards Road, Suite 650
        Cincinnati, OH 45209
        Telephone:  (513) 651-3700
        Facsimile:  (513) 665-0219
        Email:  akimble@msdlegal.com

        Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs request a trial by jury of 12 persons.

<u>/s/ Andrew Kimble</u>
Andrew Kimble